## Campana v. Fairfax, et al. and City of Williamsport, Intervenor.

Argued December 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ambrose P. Campana,* with him *Campana & Campana,* for appellant.

*Scott A. Williams,* for appellees and intervenor.

OPINION BY PRESIDENT JUDGE BOWMAN, January 16, 1973:

This is an appeal from an order of the Court of Common Pleas of Lycoming County dismissing plaintiff's complaint in quo warranto and granting judgment on the pleadings in favor of defendants, members of the City Planning Commission and the City of Williamsport.

Plaintiff, Ambrose R. Campana, the appellant here, by letter dated November 5, 1971, was advised of his appointment to the Williamsport Planning Commission for a "four-year term" which term would "expire December 31, 1974." The record before us discloses no reason for or explanation of the inconsistency between the length of the stated term and its expiration date. Apparently, the parties do not consider it to be material to the issues involved.

On February 17, 1972, the City Council of Williamsport passed Ordinance No. 4512. This ordinance established a new Planning Commission, ostensibly "in accordance with the Municipality [sic] Planning Code," to be composed of nine members. Section 204 of the ordinance states that "[a]ll members of the former Planning Commission appointed prior to January 1, 1969, the effective date of the Municipalities Planning Code, shall continue to serve until their term expires or until a vacancy occurs in their position." Seven new members were appointed to the newly created commission bringing the membership to nine, there having been two individuals appointed before January 1, 1969. This, in effect, excluded Campana from membership in the new commission.

Campana filed suit in quo warranto against the designated members of the Commission requesting that he be declared a member of the new commission. After the City of Williamsport had intervened as a defendant, the lower court issued the order from which this appeal was taken.

At the heart of this matter are three statutes and the Williamsport ordinance mentioned above and their effect on the chronology of events in this case. Presumably, the Williamsport Planning Commission in existence at the date of Campana's appointment was created by reason of Section 4001 of the Third Class City Code, Act of June 23, 1931, P. L. 932, 53 P.S. §39001. This section provided that "[a] city planning commission, consisting of five persons to be appointed by the city council, is hereby created." On January 1, 1969, the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P. L. (Act No. 247), 53 P.S. §§10101 et seq., went into effect in the Commonwealth. Section 1201 of the MPC, 53 P.S. §11201, specifically repealed Section 4001 of the Third Class City Code, 53 P.S. §39001. While Section 201 of the MPC, 53 P.S. §10201, gives to the governing body of any municipality "the power to create or abolish, by ordinance, a planning commission or planning department, or both," Section 204, 53 P.S. §10204, says that the "members of any existing planning commission established under former laws shall continue in office until the end of the term for which they are appointed. . . ."

On November 5, 1971, Mr. Campana was informed of his appointment to the Planning Commission. Shortly after his appointment, on January 1, 1972, the City became subject to the Optional Third Class City Charter Law, Act of July 15, 1957, P. L. 901, 53 P.S. §§41101 et seq. Section 624 of that statute, 53 P.S. §41624, provides that "[o]n the effective date of an optional

plan adopted pursuant to this act, all appointive offices then existing in such city shall be abolished and the terms of all appointed officers shall immediately cease and determine. . . ." The next month, on February 17, 1972, Ordinance No. 4512 was enacted.

Both the City of Williamsport and the lower court viewed the central issue herein as one of resolving a conflict between Section 624 of the Optional Charter Law, 53 P.S. §41624, and Section 204 of the MPC, 53 P.S. §10204. We hold that such a determination is unnecessary, for Section 624 of the Optional Charter Law is preclusive. Whether in November of 1971, Campana was appointed to a planning commission statutorily created by the Third Class City Code or any other planning commission, or whether he was a de facto or de jure member of any such planning commission, on January 1, 1972, any office he held was "abolished" and any term he was serving did "cease and determine." His prior status is, therefore, purely academic. We believe that this is the only reasonable and logical interpretation and application to be given Section 624 of the Optional Charter Law, under these facts.

The order of the Common Pleas Court of Lycoming County is affirmed.